NO. 8055.  8055  STATE OF LOUISIANA

RICHARD TUSSON

    VS

CHAS D. YOUNG, TAX COLLECTOR.    PARISH OF ORLEANS.

COURT OF APPEAL

-----------------

By his Honor John St. Paul.

Plaintiff seeks by mandamus to compel defendant to execute and deliver to him a deed to certain property which plaintiff bought (and paid for) at a tax sale made by defendant.

The defendant pleads that plaintiff is without interest in the suit, having purchased theproperty for another who was his undisclosed principal; such principal being again merely the representative of still another, who for some reason, could not acquire a valid title through said tax sale.

Plaintiff objected to any testimony along the line of such defense; and we think the objection should have been sustained.

### I.

It is clear that he in whose name stands the written title to real estate, is to all intents and purposes the owner thereof; and parol evidence is not admissible to the contrary. Stierle Vs Kaiser, 45 An 580; Hackenburg vs Gartskamp, 30 An 898; Perrault vs Perrault, 32 An 635.

### II.

According to Section 63 of Act 170 of 1898, the tax collector "shall execute and sign in person or by deputy X X X a deed of sale to the purchaser of any real estate sold for taxes." And that duty is a purely ministerial one. Giles Vs Veith, 14 Orleans Appeals 223.

It is said however, quoting from 37 Cyc 1423, "But if the purchaser was disqualified from bidding at the tax sale, as where he was under a legal or moral obligation to pay the taxes, or stood in such relation to the owner of the property that it would be a fraud for him to acquire the tax title, he is not entitled to a deed and will not be assisted to procure it."

We have examined the authorities on which the text purports to be based, and in our opinion they do not support the text. They hold no more than this; that where a tax deed has been issued to such a purchaser, the tax debtor may set up the invalidity of the deed when opposed to him. Indeed Mills vs Tukey, 22 Cal 873, holds rather to the contrary, to wit, that the deed must first be given effect, and the tax debtor must attack it by direct action.

The only one of those cases at all in point is State ex rel Roe vs Williston, Clerk, 20 Wis 228, which was a case in which the purchaser at tax sale sought to mandamus the tax collector to execute a deed. The mandamus was denied because it appeared that in addition to the utter nullity of the very tax sale itself, the tax debtor had in the meanwhile actually redeemed the property; and the court held that it would not do the vain and useless act of ordering a title made out which it would have to set aside at once.

## III.

But the real defense in this case, and the only one in which the tax collector has any interest whatever, involves the question how much is he entitled to charge plaintiff for the tax deed?

Plaintiff asked for a Notarial deed, to be passed before a Notary of plaintiff's own choosing. The tax collector insisted on naming the Notary. Then plaintiff demanded a tax collectors deed (process verbal, C. C? 2234), for which defendant asked $6 (or $5) as was customary, but which plaintiff declined to pay as not authorized by law.

The only law on the subject seems to be Section 58 of Act 170 of 1898, amended by Act 315 of 1910, reading as follows; " X X For seizures, sales and tax deeds, made by a Tax Collector or Sheriff, he may be allowed the same costs which are allowed by law to Sheriffs for seizures, sales and sheriff's deeds in judicial proceedings."

And Section 1 of Act 203 of 1898, fixing a Sheriff's fees as follows " x x x For making an actual seizure and sale of property under execution x x x and making sale, return and proces-verbal, One dollar and fifty cents, $1.50".

Act 82 of 1884 has no application.

The trial judge could find no other law on the subject; nor can we. He fixed the defendants fee at $1.50, which seems to us correct.

The judgment appealed from is theferore Affirmed.